IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 10cv569 |
| JOHN ROYSTER, ET AL., | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff J&J Sports Productions, Inc. has requested entry of default as to Defendants John Royster, Tammy Royster, and Nothing But a Party Production, LLC. See Paper No. 8. In support of its request, Plaintiff submitted an affidavit from its attorney, Wayne Lonstein, Esq., stating that copies of the summons and complaint were served on all three Defendants. See id. Ex. 1 ¶ 2. As proof of service upon each Defendant, Plaintiff has filed generic, completed return of service forms. See Paper Nos. 5–7. All three forms indicate that Plaintiff delivered copes of the summons and complaint to Tammy Royster in person on March 12, 2010, at 8827 Annapolis Road, Lanham, Maryland 20706. See id.

From the returns of service of process on the two individuals, the Court concludes that the Plaintiff properly served Tammy Royster, but not John Royster. By delivering a copy of the summons and complaint to Tammy Royster, Plaintiff clearly served Tammy Royster as an individual. See Fed. R. Civ. P. 4(e)(2)(A) ("[A]n individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally . . . .").

Plaintiff did not, however, effectively serve John Royster by delivering a copy of the summons and complaint to Tammy Royster at 8827 Annapolis Road, Lanham, Maryland 20706,

which, according to the return of service form, is John Royster's place of business.[1] While the Federal Rules of Civil Procedure and the Maryland Code authorize service of an individual by leaving a copy of the summons and complaint at the individual's "usual place of abode" with someone of suitable age and discretion, neither authorize service of an individual by leaving a copy of the summons and complaint at the individual's place of business. See Fed. R. Civ. P. 4(e); Md. Code Ann., Civil Proc., § 2-121 (West 2010). Accordingly, John Royster was not properly served.

The more challenging question is whether Plaintiff effectively served Nothin But a Party Production, LLC, by delivering a copy of the summons and complaint to Tammy Royster at 8827 Annapolis Road, Lanham, Maryland 20706. Although the Complaint states that John Royster is the registered agent of Nothin But a Party Production, LLC, see Paper No. 1, at ¶ 12, the Maryland Department of Assessments and Taxation website and the Articles of Reinstatement filed with the Department on August 25, 2005, indicate that Tammy Royster is the company's current resident agent. The Court therefore assumes for purposes of this Memorandum Opinoin that Tammy Royster is the registered agent of Nothin But a Party Production, LLC.

Both the Federal Rules of Civil Procedure and the Maryland Code authorize service of process on the resident agent of a limited liability company[2] as effective service on the limited

---

[1] In the Complaint, Plaintiff states that John Royster and Tammy Royster "reside[ ]" at 8827 Annapolis Road, Lanham, MD 20706. See Paper No. 1, at ¶¶ 7–8. According to the Articles of Organization and Articles of Restatement filed with the Maryland Department of Asssessments and Taxation, John Royster and Tammy Royster reside at 13804 Water Foul Way, Upper Marlboro, MD 20774, and the principal office of Nothin But a Party Production, LLC is 8827 Annapolis Rd., Lanham, MD. The Court assumes that John Royster does not "reside" at his place of business, and that the Complaint is incorrect.

[2] The Complaint states that Nothing But a Party Production, LLC "is a business entity, the exact nature of which is unknown." See Paper No. 1, at ¶ 12. Since the Articles of Organization create a "Maryland Limited Liability Company," the Court will assume for

liability company. See Fed. R. Civ. P. 4(h)(1)(B); Md. Code Ann., Corps. & Ass'ns, § 1-401 (West 2010). If that were the end of the story, it would have been relatively straightforward to determine that service on Nothin But a Party Production, LLC was proper. The Maryland Department of Assessments and Taxation website also indicates, however, that Nothin But a Party Production, LLC was forfeited on October 10, 2009, by the Comptroller. From this observation two additional issues arise: first, whether a forfeited limited liability company can be sued, and, second, whether delivering a copy of the summons and complaint to a former resident agent constitutes effective service of process on the forfeited limited liability company under Maryland law.

The Court looks to the Maryland Code to answer the first question. See President & Dirs. of Georgetown Coll. v. Madden, 505 F. Supp. 557, 602 (D. Md. 1980), aff'd by 660 F.2d 91, 96 (4th Cir. 1981) ("In Maryland, no suit can be brought against a forfeited corporation, except to the extent and under circumstances specifically authorized by statute."). Section 4A-920 of the Maryland Code provides:

> The forfeiture of the right to do business in Maryland and the right to the use of the name of the limited liability company under this title does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture, or prevent the limited liability company from defending any action, suit, or proceeding in a court of this State.

Md. Code Ann., Corps. & Ass'ns , § 4A-920 (West 2010). It is clear that a Maryland statute authorizes a forfeited limited liability company to be sued.

The answer to the second question is not as cut and dry. The Maryland Code does not address whether a former resident agent may receive service of process on behalf of a forfeited limited liability company. The Code does suggest, however, that a resident agent may continue to be served on behalf of a limited liability company up to one year after termination, as opposed

---

purposes of this Memorandum Opinion that Nothing But a Party Production, LLC is indeed a limited liability company.

3

to forfeiture, of a limited liability company. See Md. Code Ann., Corps. & Ass'ns , § 4A-909(2) ("Articles of cancellation shall set forth . . . [t]he name and address of a resident agent of the limited liability company who shall serve for one year after termination."). In addition, if a forfeited limited liability company wants to be reinstated, it must identify a resident agent in its articles of reinstatement. See id. § 4A-916(4) ("Articles of reinstatement shall include . . . [t]he name and address of the resident agent of the limited liability company."). Accordingly, the Maryland Code contemplates a role for resident agents even when a limited liability company does not have the authority to do business in Maryland.

While this Court could not find any governing case law that squarely addresses how to serve a forfeited limited liability company, it did find a Maryland case in which the service of process on a former resident agent of a forfeited corporation was quashed. See Madden, 505 F. Supp. at 601 ("By order of this Court, service of process on . . . the former resident agent[ ] was quashed."), aff'd on other grounds by, 660 F.2d 91 (4th Cir. 1981). The Madden court did not explain why service on the former resident agent was ineffective service as to the forfeited corporation. It did explain, however, that service of process on a director of the corporation at the time of forfeiture was proper, because the directors, as trustees upon forfeiture, have statutory authority to "sue or be sued in their own names as trustees or in the name of the corporation." See id. at 603 (quoting Md. Code Ann., Corps. & Ass'ns , § 3-516), aff'd by, 660 F.2d at 95.

Other courts have taken differing approaches to service of process of forfeited corporations. See, e.g., Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1305–06 (Cal. Ct. App. 1999) ("[S]ervice of process upon a suspended corporation is effected in the same manner as service upon a corporation that is not suspended." (citing Cal. Civ. Proc. Code §§ 416.10, 416.20)); Finkel v. Cumberland Realty Co., 173 A.2d 570, 572 (N.J. Super. Ct. Ch. Div. 1961) ("Service of a summons . . . may be made upon the corporation by serving the same on such

4

person as was, at the time of . . . forfeiture . . ., its designated agent . . . ." (quoting N.J. Stat. Ann. § 14:13-14)); cf. 16A William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 8146 (4th ed. 2000 & Supp. 2010) ("The dissolution of a corporation no longer has the effect of terminating the authority of the agent authorized to receive service of process, at least so long as the statutory period for winding up has not expired.").

Having reviewed the Maryland statute pertaining to limited liability companies and the case law mentioned here, the Court concludes that delivering a copy of a summons and complaint to a registered agent of a forfeited limited liability company less than one year after the forfeiture is effective service on that limited liability company. Accordingly, the Court will, by separate order, direct the Clerk to enter default as to Defendants Tammy Royster and Nothin But a Party Production, LLC.

Date: April 28, 2010

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE